Thiago Coelho, SBN 324715
thiago@wilshirelawfirm.com
Jasmine Behroozan, SBN 325761
jasmine@wilshirelawfirm.com
**WILSHIRE LAW FIRM**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorney for Plaintiff and Proposed Class*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PAUL MERRELL, individually and on behalf all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> KELLY WEARSTLER, INC. d/b/a KELLY WEARSTLER, a California corporation; and DOES 1 to 10, inclusive, <br><br> Defendants. | CASE NO.: <br><br> **CLASS ACTION COMPLAINT** <br> 1. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 <br> 2. VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT <br> **DEMAND FOR JURY TRIAL** |

Plaintiff Richard Paul Merrell ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action based upon his personal knowledge as to himself and his own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigations of his attorneys.

## NATURE OF THE ACTION

1.     Plaintiff is a visually impaired and legally blind person who requires screen reading software to read website content using his computer. Plaintiff uses

1

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

the terms "blind" or "visually impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

2.      Plaintiff, individually and on behalf of those similarly situated persons (hereafter "Class Members"), brings this Class Action to secure redress against Defendant Kelly Wearstler, Inc. d/b/a Kelly Wearstler (hereinafter "Defendant"), and DOES 1-10, for its failure to design, construct, maintain, and operate its website to be fully and equally accessible to and independently usable by Plaintiff and other blind or visually impaired people. Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered thereby and in conjunction with its physical locations, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("UCRA").

3.      Because Defendant's website, https://www.kellywearstler.com/home the ("Website" or "Defendant's website"), is not fully or equally accessible to blind and visually impaired consumers in violation of the ADA, Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website will become and remain accessible to blind and visually impaired consumers.

## THE PARTIES

4.      Plaintiff, at all times relevant and as alleged herein, is a resident of California, County of Riverside. Plaintiff is a legally blind, visually impaired handicapped person, and a member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*

5.      Defendant Kelly Wearstler, Inc. d/b/a Kelly Wearstler is a California corporation, with its headquarters in Los Angeles, California. Defendant's servers

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

for the website are in the United States.  Defendant conducts a large amount of its business in California.    Defendant's stores constitute a place of public accommodation.  Defendant's retail stores provide to the public important goods and services.  Defendant's website provides a multi-layered and stimulating design experience.  Through an exploration of materiality, color, forms, and an intuitive juxtaposition of contemporary and vintage feels, the website provides various goods and services in connection with furniture and interior design.  Consumers can additionally access information regarding how to schedule an appointment for a virtual gallery consultation, shipping information, store location, and store hours.

6.     Plaintiff is unaware of the true names, identities, and capacities of the Defendants sued herein as DOES 1 to 10.  Plaintiff will seek leave to amend this complaint to allege the true names and capacities of DOES 1 to 10 if and when ascertained.  Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings alleged herein and that each Defendant sued herein as a DOE proximately caused injuries and damages to Plaintiff as set forth below.

7.     Defendant's stores are a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

8.     The website https://www.kellywearstler.com/home, is a service, privilege, or advantage of Defendant's services, products, and locations.

**JURISDICTION AND VENUE**

9.     This Court has subject matter jurisdiction over the state law claims alleged in Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A) because: (a) the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs; and (b) some of the class members are citizens of a state (California).

10.     Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Central

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

District of California that caused injury, and violated rights prescribed by the ADA and UCRA, to Plaintiff and to other blind and other visually impaired consumers. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Central District of California.  Specifically, on several separate occasions, Plaintiff has been denied the full use and enjoyment of the facilities, goods, and services of Defendant's website in Riverside County.  The access barriers Plaintiff has encountered on Defendant's website has caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's website.  Similarly, the access barriers Plaintiff has encountered on Defendant's website has impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and mortar store.

11.    This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq*., and 28 U.S.C. § 1332.

12.    This Court has personal jurisdiction over Defendant because it conducts and continues to conduct a substantial and significant amount of business in the State of California, Riverside County, and because Defendant's offending website is available across California.

13.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendant conducts and continues to conduct a substantial and significant amount of business in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

## THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET

14.    The Internet has become a significant source of information, a portal, and a tool for conducting business, doing everyday activities such as shopping, learning, banking, researching, as well as many other activities for sighted, blind and visually impaired persons alike.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

15.     In today's tech-savvy world, blind and visually impaired people have the ability to access websites using keyboards in conjunction with screen access software that vocalizes the visual information found on a computer screen.  This technology is known as screen reading software.  Screen reading software is currently the only method a blind or visually impaired person may use to independently access the internet.  Unless websites are designed to be read by screen reading software, blind and visually impaired persons are unable to fully access websites, and the information, products, and services contained thereon.

16.     Blind and visually impaired users of Windows operating system-enabled computers and devices have several screen reading software programs available to them.  Some of these programs are available for purchase and other programs are available without the user having to purchase the program separately. Job Access With Speech, otherwise known as "JAWS," is currently the most popular, separately purchased and downloaded screen reading software program available for a Windows computer.

17.     For screen reading software to function, the information on a website must be capable of being rendered into text.  If the website content is not capable of being rendered into text, the blind or visually impaired user is unable to access the same content available to sighted users.

18.     The international website standards organization, the World Wide Web Consortium, known throughout the world as W3C, has published Success Criteria for version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1" hereinafter).   WCAG 2.1 are well-established guidelines for making websites accessible to blind and visually impaired people.  These guidelines are adopted, implemented, and followed by most large business entities who want to ensure their websites are accessible to users of screen reading software programs.  Though WCAG 2.1 has not been formally adopted as the standard for making websites

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

5
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1   accessible, it is one of, if not the most, valuable resource for companies to operate,

2   maintain, and provide a website that is accessible under the ADA to the public.

3     19. Within this context, the Ninth Circuit has recognized the viability of

4   ADA claims against commercial website owners/operators with regard to the

5   accessibility of such websites. *Robles v. Domino's Pizza, LLC*, Docket No. 17-

6   55504 (9th Cir. Apr 13, 2017), Court Docket No. BL-66. This is in addition to the

7   numerous courts that already recognized such application.

8     20. Each of Defendant's violations of the Americans with Disabilities Act

9   is likewise a violation of the Unruh Civil Rights Act. Indeed, the Unruh Civil Rights

10  Act provides that any violation of the ADA constitutes a violation of the Unruh

11  Civil Rights Act. Cal. Civ. Code, § 51(f).

12    21. Further, Defendant's actions and inactions denied Plaintiff full and

13  equal access to their accommodations, facilities, and services. A substantial

14  motivating reason for Defendant to deny Plaintiff access was the perception of

15  Plaintiff's disability. Defendant's denial of Plaintiff's accessibility was a

16  substantial motivating reason for Defendant's conduct. Plaintiff was harmed due

17  to Defendant's conduct. Defendant's actions and inactions were a substantial factor

18  in causing the lack of access to Plaintiff. Unruh Civil Rights Act. Cal. Civ. Code,

19  § 51.

20    22. Inaccessible or otherwise non-compliant websites pose significant

21  access barriers to blind and visually impaired persons. Common barriers

22  encountered by blind and visually impaired persons include, but are not limited to,

23  the following:

24     a. A text equivalent for every non-text element is not provided;

25     b. Title frames with text are not provided for identification and

26      navigation;

27     c. Equivalent text is not provided when using scripts;

28     d. Forms with the same information and functionality as for sighted

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

6

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

persons are not provided;

e.  Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;

f.  Text cannot be resized without assistive technology up to 200 percent without loss of content or functionality;

g.  If the content enforces a time limit, the user is not able to extend, adjust or disable it;

h.  Web pages do not have titles that describe the topic or purpose;

i.  The purpose of each link cannot be determined from the link text alone or from the link text and its programmatically determined link context;

j.  One or more keyboard operable user interface lacks a mode of operation where the keyboard focus indicator is discernible;

k.  The default human language of each web page cannot be programmatically determined;

l.  When a component receives focus, it may initiate a change in context;

m. Changing the setting of a user interface component may automatically cause a change of context where the user has not been advised before using the component;

n.  Labels or instructions are not provided when content requires user input;

o.  In content which is implemented by using markup languages, elements do not have complete start and end tags, elements are not nested according to their specifications, elements may contain duplicate attributes and/or any IDs are not unique;

p.  Inaccessible Portable Document Format (PDFs); and

q.  The name and role of all User Interface elements cannot be

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

7

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

programmatically determined; items that can be set by the user cannot be programmatically set; and/or notification of changes to these items are not available to user agents, including assistive technology.

## FACTUAL BACKGROUND

23.     Defendant offers the https://www.kellywearstler.com/home website to the public.  The website offers features which should allow all consumers to access the goods and services which Defendant offers in connection with its physical locations.  The goods and services offered by Defendant include, but are not limited to the following: interior and architecture design for residential and commercial buildings; an inside look into Kelly's studio, brand, gallery, and Kelly herself; and new arrivals ranging from seating, tables, storage, lighting, home décor, and rugs. The goods offered by Defendant also include goods in stock such as furniture, ceiling lights, wall lights, floor lamps, rugs, artwork, chairs, sofas, ottomans, benches, stools, tables, storage, mirrors, superluxe, beds, outdoor furnishings, lighting, sculptures, trays, vases, boxes, bowls, tableware, books, pet accessories, and wallpaper.

24.     Based on information and belief, it is Defendant's policy and practice to deny Plaintiff and Class Members, along with other blind or visually impaired users, access to Defendant's website, and to therefore, specifically deny the goods and services that are offered and integrated within Defendant's stores.  Due to Defendant's failure and refusal to remove access barriers on its website, Plaintiff and other visually impaired persons have been and are still being denied equal and full access to Defendant's stores, furniture, and a variety of other products and services offered to the public through Defendant's Website.

## DEFENDANT'S BARRIERS ON UNRUH CIVIL RIGHTS ACT. CAL. CIV. CODE, § 51(f) DENY PLAINTIFF AND CLASS MEMBERS ACCESS

25.     Plaintiff is a visually impaired and legally blind person, who cannot

8

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

use a computer without the assistance of screen reading software. However, Plaintiff is a proficient user of the JAWS or NV Access screen-reader(s) as well as Mac's VoiceOver and uses it to access the internet. Plaintiff has visited https://www.kellywearstler.com/home on several separate occasions using the JAWS and/or VoiceOver screen-readers.

26.     During Plaintiff's numerous visits to Defendant's website, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods, and services offered to the public and made available to the public on Defendant's website. Due to the widespread access barriers Plaintiff and Class Members encountered on Defendant's website, Plaintiff and Class Members have been deterred, on a regular basis, from accessing Defendant's website. Similarly, the access barriers Plaintiff has encountered on Defendant's website has deterred Plaintiff and Class Members from visiting Defendant's brick-and-mortar stores.

27.     While attempting to navigate Defendant's website, Plaintiff and Class Members encountered multiple accessibility barriers for blind or visually impaired people that include, but are not limited to, the following:

a. Lack of Alternative Text ("alt-text"), or a text equivalent. Alt-text is invisible code embedded beneath a graphic or image on a website that is read to a user by a screen-reader. For graphics or images to be fully accessible for screen-reader users, it requires that alt-text be coded with each graphic or image so that screen reading software can speak the alt-text to describe the graphic or image where a sighted user would just see the graphic or image. Alt-text does not change the visual presentation, but instead a text box shows when the cursor hovers over the graphic or image. The lack of alt-text on graphics and images prevents screen-readers from accurately vocalizing a description of the image or graphic. As a

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

9

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

result, Plaintiff and Class Members who are blind and visually impaired customers are unable to shop and access Defendant's various goods and services in connection with furniture and interior design. Consumers are additionally unable to access information regarding how to schedule an appointment for a virtual gallery consultation, shipping information, store location, store hours, or complete any purchases;

b. Empty Links that contain No Text causing the function or purpose of the link to not be presented to the user. This can introduce confusion for keyboard and screen-reader users;

c. Redundant Links where adjacent links go to the same URL address which results in additional navigation and repetition for keyboard and screen-reader users; and

d. Linked Images missing alt-text, which causes problems if an image within a link does not contain any descriptive text and that image does not have alt-text. A screen reader then has no content to present the user as to the function of the link, including information or links for and contained in PDFs.

28.     Recently in 2020, Plaintiff attempted to do business with Defendant on Defendant's website and Plaintiff encountered barriers to access on Defendant's website.

29.     Despite past and recent attempts to do business with Defendant on its website, the numerous access barriers contained on the website and encountered by Plaintiff, has denied Plaintiff full and equal access to Defendant's website. Plaintiff and Class Members, as a result of the barriers on Defendant's website, continue to be deterred on a regular basis from accessing Defendant's website. Likewise, based on the numerous access barriers Plaintiff and Class Members have been deterred and impeded from the full and equal enjoyment of goods and services offered in

10

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

Defendant's stores and from making purchases at such physical locations.

**DEFENDANT MUST REMOVE BARRIERS TO ITS WEBSITE**

30.    Due to the inaccessibility of the Defendant's website, blind and visually impaired customers such as Plaintiff, who need a screen-reader, cannot fully and equally use, or enjoy the facilities and services Defendant offers to the public on its website.  The access barriers Plaintiff encountered have caused a denial of Plaintiff's full and equal access in the past, and now deter Plaintiff on a regular basis from accessing the website.

31.    These access barriers on the Defendant's website have deterred the Plaintiff from visiting Defendant's physical locations, and enjoying them equal to sighted individuals because: Plaintiff was unable to find the locations and hours of operation of Defendant's stores on its website, preventing Plaintiff from visiting the locations to view and purchase products and/or services.  Plaintiff and Class Members intend to visit Defendant's locations in the near future if Plaintiff and Class Members could access Defendant's website.

32.    If the website were equally accessible to all, Plaintiff and Class Members could independently navigate the website and complete a desired transaction, as sighted individuals do.

33.    Plaintiff, through Plaintiff's attempts to use the website, has actual knowledge of the access barriers that makes these services inaccessible and independently unusable by blind and visually impaired people.

34.    Because simple compliance with WCAG 2.1 would provide Plaintiff and Class Members who are visually impaired consumers with equal access to the website, Plaintiff and Class Members allege that Defendant engaged in acts of intentional discrimination, including, but not limited to, the following policies or practices: constructing and maintaining a website that is inaccessible to visually impaired individuals, including Plaintiff and Class Members; failing to construct and maintain a website that is sufficiently intuitive so as to be equally accessible to

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

11

visually impaired individuals, including Plaintiff and Class Members; and failing to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually impaired consumers, such as Plaintiff and Class Members, as a member of a protected class.

35.     The Defendant uses standards, criteria, or methods of administration that have the effect of discriminating or perpetuating the discrimination against others, as alleged herein.

36.     The ADA expressly contemplates the injunctive relief that Plaintiff seeks in this action. In relevant part, the ADA requires:

> In the case of violations of … this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities …. Where appropriate, injunctive relief shall also include requiring the … modification of a policy ….  42 U.S.C. § 12188(a)(2).

37.     Because Defendant's website has never been equally accessible, and because Defendant lacks a corporate policy that is reasonably calculated to cause the Defendant's website to become and remain accessible, Plaintiff invokes 42 U.S.C. § 12188(a)(2) and seeks a permanent injunction requiring Defendant to retain a qualified consultant acceptable to Plaintiff to assist Defendant to comply with WCAG 2.1 guidelines for Defendant's website.   The website must be accessible for individuals with disabilities who use desktop computers, laptops, tablets, and smartphones.  Plaintiff and Class Members seek that this permanent injunction require Defendant to cooperate with the agreed-upon consultant to: train Defendant's employees and agents who develop the website on accessibility compliance under the WCAG 2.1 guidelines; regularly check the accessibility of the website under the WCAG 2.1  guidelines; regularly test user accessibility by blind or vision-impaired persons to ensure that the Defendant's website complies under the WCAG 2.1 guidelines; and develop an accessibility policy that is clearly disclosed on the Defendant's website, with contact information for users to report

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12ᵗʰ Floor
Los Angeles, CA 90010-1137

12

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

accessibility-related problems and require that any third-party vendors who participate on the Defendant's website to be fully accessible to the disabled by conforming with WCAG 2.1.

38.    If Defendant's website were accessible, Plaintiff and Class Members could independently access information about the address and hours of store locations, services offered, and furniture available for online purchase.

39.    Although Defendant may currently have centralized policies regarding maintaining and operating Defendant's website, Defendant lacks a plan and policy reasonably calculated to make Defendant's website fully and equally accessible to, and independently usable by, blind and other visually impaired consumers.

40.    Defendant has, upon information and belief, invested substantial sums in developing and maintaining Defendant's website, and Defendant has generated significant revenue from Defendant's website.  These amounts are far greater than the associated cost of making Defendant's website equally accessible to visually impaired customers.  Plaintiff has also visited prior iterations of the Defendant's website, https://www.kellywearstler.com/home, and also encountered such barriers.

41.    Without injunctive relief, Plaintiff and Class Members will continue to be unable to independently use Defendant's website, violating their rights.

**CLASS ACTION ALLEGATIONS**

42.    Plaintiff, on behalf of himself and all others similarly situated, seeks to certify a Nationwide Class under Fed. R. Civ. P. 23(a) and 23(b)(2), the Nationwide Class is initially defined as follows:

> all legally blind individuals who have attempted to access Defendant's website by the use of a screen reading software during the applicable limitations period up to and including final judgment in this action.

43.    The California Class is initially defined as follows:

> all legally blind individuals in the State of California who have attempted to access Defendant's website by the use of a screen

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

13
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

reading software during the applicable limitations period up to and including final judgment in this action.

44.     Excluded from each of the above Classes is Defendant, including any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and assigns of Defendant.  Also excluded are the judge and court personnel in this case and any members of their immediate families.  Plaintiff reserves the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

45.     *Numerosity*: Fed. R. Civ. P. 23(a)(1).  This action has been brought and may properly be maintained as a class action against Defendant under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure.  While the exact number and identities of other Class Members are unknown to Plaintiff at this time, Plaintiff is informed and believes that there are hundreds of thousands of Members in the Class.  Based on the number of customers who have visited Defendant's California stores, it is estimated that the Class is composed of more than 10,000 persons.  Furthermore, even if subclasses need to be created for these consumers, it is estimated that each subclass would have thousands of Members.  The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

46.     *Typicality*: Plaintiff's and Class Members' claims are typical of the claims of the Members of the Class as all Members of the Class are similarly affected by Defendant's wrongful conduct, as detailed herein.

47.     *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Members of the Class in that they have no interests antagonistic to those of the other Members of the Class.  Plaintiff has retained experienced and competent

14
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

counsel.

48.   *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages sustained by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Members of the Class to individually seek redress for the wrongful conduct alleged herein.  Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein.  There will be no difficulty in the management of this action as a class action.  If Class treatment of these claims were not available, Defendant would likely unfairly receive thousands of dollars or more in improper revenue.

49.   *Common Questions Predominate*: Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class.  Among the common questions of law and fact applicable to the Class are:

    i.   Whether Defendant's website, https://www.kellywearstler.com/home, is inaccessible to the visually impaired who use screen reading software to access internet websites;

    ii.   Whether Plaintiff and Class Members have been unable to access https://www.kellywearstler.com/home through the use of screen reading software;

    iii.   Whether the deficiencies in Defendant's website violate the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.*;

    iv.   Whether the deficiencies in Defendant's website violate the California Unruh Civil Rights Act, California Civil Code § 51 *et seq.*;

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

15
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

v.  Whether, and to what extent, injunctive relief should be imposed on Defendant to make https://www.kellywearstler.com/home readily accessible to and usable by visually impaired individuals;

vi.  Whether Plaintiff and Class Members are entitled to recover statutory damages with respect to Defendant's wrongful conduct; and

vii.  Whether further legal and/or equitable relief should be granted by the Court in this action.

50.  The class is readily definable, and prosecution of this action as a Class action will reduce the possibility of repetitious litigation.  Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude their maintenance of this matter as a Class action.

51.  The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

52.  The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only individual Members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

53.  The prosecution of separate actions by Members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  Additionally, individual actions may be dispositive of the interests of all Members of the Class, although certain Class Members are not parties to such actions.

54.  Defendant's conduct is generally applicable to the Class as a whole

16

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole.  As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

### COUNT I

### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181 *ET SEQ.*

(On Behalf of Plaintiff, the Nationwide Class and the California Class)

55.   Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 54, inclusive, of this Complaint as if set forth fully herein.

56.   Section 302(a) of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

57.   Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations"; and "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

17

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

would result in an undue burden". 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii). "A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." 28 C.F.R. § 36.303(a). In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii).

58.   Defendant's store locations is a "public accommodation" within the meaning of 42 U.S.C. § 12181 *et seq*. Defendant generates millions of dollars in revenue from the sale of its amenities and services, privileges, advantages, and accommodations in California through its location and related services, privileges, advantages, and accommodations and its Website, https://www.kellywearstler.com/home, is a service, privilege, advantage, and accommodation provided by Defendant that is inaccessible to customers who are visually impaired like Plaintiff.  This inaccessibility denies visually impaired customers full and equal enjoyment of and access to the facilities and services, privileges, advantages, and accommodations that Defendant made available to the non-disabled public. Defendant is violating the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., in that Defendant denies visually impaired customers the services, privileges, advantages, and accommodations provided by https://www.kellywearstler.com/home.  These violations are ongoing.

59.   Defendant's actions constitute intentional discrimination against Plaintiff and Class Members on the basis of a disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. in that: Defendant has

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

18

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

constructed a website that is inaccessible to Plaintiff and Class Members; maintains the website in this inaccessible form; and has failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause.

60.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## COUNT II

## VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *ET SEQ.*

(On Behalf of Plaintiff and the California Class)

61.     Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 60, inclusive, of this Complaint as if set forth fully herein.

62.     Defendant's locations are a "business establishment" within the meaning of the California Civil Code § 51 *et seq.* Defendant generates millions of dollars in revenue from the sale of its services in California through its store locations and related services and https://www.kellywearstler.com/home is a service provided by Defendant that is inaccessible to customers who are visually impaired like Plaintiff and Class Members.  This inaccessibility denies visually impaired customers full and equal access to Defendant's facilities and services that Defendant makes available to the non-disabled public.  Defendant is violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, in that Defendant is denying visually impaired customers the services provided by https://www.kellywearstler.com/home.  These violations are ongoing.

63.     Defendant's actions constitute intentional discrimination against Plaintiff and Class Members on the basis of a disability in violation of the Unruh Civil Rights Act, Cal. Civil Code § 51 *et seq.* in that: Defendant has constructed a website that is inaccessible to Plaintiff and Class Members; maintains the website

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

19
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

in this inaccessible form; and has failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause.

64.     Defendant is also violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq*. in that the conduct alleged herein likewise constitutes a violation of various provisions of the ADA, 42 U.S.C. § 12101 *et seq*. Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

65.     The actions of Defendant were and are in violation of the Unruh Civil Rights Act, California Civil Code § 51 *et seq*., and, therefore, Plaintiff and Class Members are entitled to injunctive relief remedying the discrimination.

66.     Plaintiff and Class Members are also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

67.     Plaintiff and Class Members are also entitled to reasonable attorneys' fees and costs.

68.     Plaintiff and Class Members are also entitled to a preliminary and permanent injunction enjoining Defendant from violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq*., and requiring Defendant to take the steps necessary to make https://www.kellywearstler.com/home readily accessible to and usable by visually impaired individuals.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all Class Members, respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

A.     For an Order certifying the Nationwide Class and California Class as defined herein and appointing Plaintiff and his Counsel to represent the Nationwide Class and the California Class;

B.     A preliminary and permanent injunction pursuant to 42 U.S.C. § 12188(a)(1) and (2) and section 52.1 of the California Civil Code

20

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

enjoining Defendant from violating the Unruh Civil Rights Act and ADA and requiring Defendant to take the steps necessary to make https://www.kellywearstler.com/home readily accessible to and usable by visually impaired individuals;

C. An award of statutory minimum damages of $4,000 per offense per person pursuant to section 52(a) of the California Civil Code;

D. For attorneys' fees and expenses pursuant to California Civil Code §§ 52(a), 52.1(h), and 42 U.S.C. § 12205;

E. For pre-judgment interest to the extent permitted by law;

F. For costs of suit; and

G. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a jury trial for all claims so triable.

Dated: December 01, 2020                    Respectfully Submitted,

/s/ Thiago M. Coelho
Thiago M. Coelho, Esq.
**WILSHIRE LAW FIRM**
*Attorney for Plaintiff and*
*Proposed Class*

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL